## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-4073-LTS-KEM |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| BOBBY RAY RHODEN, | |
| Defendant. | |

Defendant Bobby Ray Rhoden moves to dismiss count one of the indictment charging him with kidnapping in violation of the Federal Kidnapping Act, 18 U.S.C. § 1201(a)(1).  Doc. 47.  Rhoden argues that Congress exceeded its authority under the Commerce Clause in enacting the Federal Kidnapping Act, rendering it unconstitutional on its face.  Doc. 47-1.  The Government resists.  Doc. 52.   I recommend **denying** Rhoden's motion (Doc. 47).

The Federal Kidnapping Act criminalizes kidnapping by taking the victim across state lines, but it also criminalizes kidnapping when the defendant "uses . . . any means, facility, or instrumentality of interstate . . . commerce in committing or in furtherance of the commission of the offense."[1]  Here, the indictment charges Rhoden with kidnapping using an "instrumentality of interstate commerce, namely, an automobile," to commit the offense.  Doc. 27.

Rhoden argues that Congress exceeded its authority under the Commerce Clause by criminalizing "wholly intrastate kidnapping[s]."  Doc. 47-1.   In making this argument,

---

[1] **18 U.S.C. § 1201(a)(1)**.

Rhoden primarily relies on the dissenting opinion of Justice Thomas in *Taylor v. United States*.[2] But the opinions of one justice are not binding on this court.

As Rhoden acknowledges, every court to address this issue has upheld the constitutionality of the Federal Kidnapping Act. *See* Doc. 47-1 at 5 (collecting cases).[3] These courts have noted that the Supreme Court held in *United States v. Lopez* that "Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities."[4] I recommend following every court to address this issue and holding that Congress did not exceed its authority under the Commerce Clause in criminalizing the use of "instrumentalities of interstate commerce" to commit a kidnapping.

I recommend **DENYING** Rhoden's motion to dismiss (Doc. 47).

---

[2] 579 U.S. 301, 310-24 (2016) (Thomas, J., dissenting).

[3] In addition to the cases cited by Rhoden, see *United States v. Protho*, 41 F.4th 812, 827-29 (7th Cir. 2022) (rejecting argument that commerce clause required government to prove defendant's "specific use" of automobile in interstate commerce and collecting cases, including one from the Eighth Circuit, holding that vehicles are instruments of interstate commerce that Congress may regulate), *cert. denied,* 143 S. Ct. 465 (2022); *United States v. Gonzales*, No. 21-10631, 2022 WL 1421032, at *1 (5th Cir. May 5, 2022) (per curiam) (upholding kidnapping statute as court previously held that "interstate nexus requirement for federal crimes is satisfied by . . . the wholly intrastate use of an automobile" (citing *United States v. Marek*, 238 F.3d 310, 318-19 (5th Cir. 2001) (en banc)), *cert. denied*, 143 S. Ct. 223 (2022); *United States v. Small*, 988 F.3d 241, 251-52 (6th Cir. 2021) (rejecting as-applied challenge where instrumentality was a vehicle), *cert. denied,* 142 S. Ct. 191 (2021); *United States v. McKinley*, 647 F. App'x 957, 961-62 (11th Cir. 2016) (holding that "the kidnapping statute contains an express jurisdictional element that ensures that the statute only reaches kidnapping furthered by the instrumentalities of interstate commerce" and is therefore "not facially unconstitutional"); *United States v. Morgan*, 748 F.3d 1024, 1031-32 & n.9 (10th Cir. 2014) (rejecting as-applied challenge where instrumentality was a cell phone; collecting district court cases upholding statute).

[4] 514 U.S. 549, 558 (1995).

2

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections.[5] Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.[6] Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[7]

**DATED** January 19, 2023.

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

[5] **LCrR 59**.

[6] *See* **Fed. R. Crim. P. 59**.

[7] *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

3