# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BOBBY RAY RHODEN,<br><br>　　　　　Defendant. | Case No. 22-CR-4073-LTS-KEM<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

_____

Defendant Bobby Ray Rhoden moves to sever the counts against him based on the prejudice stemming from evidence of his criminal history, which he argues would be admissible on his felon-in-possession count but not his kidnapping count. Doc. 46. The Government resists. Doc. 50. I **deny** the motion to sever (Doc. 46).

## I.　BACKGROUND

The indictment in this case charges Rhoden with two counts: kidnapping in violation of 18 U.S.C. § 1201(a)(1) and possession of ammunition by a felon and drug user in violation of 18 U.S.C. §§ 922(g)(1), (g)(3), 924(a)(8). Doc. 27. The evidence supporting both counts is intertwined. The Government alleges that a witness reported seeing Rhoden chase K.H. and forcefully drag her back into a car they had arrived in together (forming the basis of the kidnapping charge). Doc. 2. Later, when police interviewed K.H., she stated that Rhoden had assaulted her earlier in the day and shot a pistol at her as she fled from him. *Id*. Police interviewed another person who knows Rhoden, who denied ever seeing Rhoden with a firearm but stated Rhoden had admitted to possessing a firearm. *Id*. This witness also provided police with an audio recording in which Rhoden stated, "I'm a felon in possession of a firearm!" *Id*. Based on this

evidence, police obtained a search warrant for Rhoden's house, where they found ammunition (forming the basis of the possession charge), as well as a spent shell casing in the driveway consistent with K.H.'s account of the earlier shooting. *Id.* Police did not find any firearms.

Rhoden moves for separate trials on the kidnapping and possession counts.[1] Doc. 46. He argues that evidence of his prior felony convictions, necessary to prove his status as a person prohibited from possessing firearms and ammunition, would be inadmissible on the kidnapping count. *Id.* He argues that he would be prejudiced on the kidnapping count by the jury hearing evidence of his felonies. *Id.*

The Government resists. Doc. 50. The Government notes Defendant may stipulate to a prior felony conviction to keep the name and nature of any conviction out of the record, lessening any chance of prejudice. *Id.* In addition, the Government notes it would "forgo evidence of [D]efendant's felonies altogether if defendant admitted he was a prohibited person who could not lawfully possess firearms or ammunition and that he knew he was prohibited from lawfully possessing firearms or ammunition at the time of his alleged crimes." *Id.*

## II. DISCUSSION

Rhoden does not dispute that the charged offenses "are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan," such that they could be joined under Federal Rule of Criminal Procedure 8(a). Instead, he argues for severance under Federal Rule of Criminal Procedure 14(a), which "provides

---

[1] I note that a motion to dismiss the kidnapping count is currently pending (Doc. 47); the outcome of that motion has no effect on this ruling (other than making it unnecessary in the event the kidnapping count is dismissed).

relief from joinder, even when joinder was appropriate under Rule 8(a)."[2] That rule provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice require.[3]

The Eighth Circuit has held "[n]o prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other."[4] Rhoden argues that conversely, prejudice results when evidence necessary to prove one count would be inadmissible on the other—here, his felon status.

I disagree. The Eighth Circuit has repeatedly recognized that "stipulating to [a defendant's] status as a felon without any additional detail of his past felonies . . . minimizes the prejudicial effect, if any, on his other [charges]."[5] Even when the defendant refused to enter into such a stipulation, the Eighth Circuit has upheld (under an abuse-of-discretion standard) the denial of a severance motion, noting the option to stipulate "would have further de-emphasized [the prior felony] aspect of the government's

---

[2] *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010).

[3] **Fed. R. Crim. P. 14(a)**.

[4] *McCarther*, 596 F.3d at 442.

[5] *United States v. Mink*, 9 F.4th 590, 605 (8th Cir. 2021), *reh'g denied* (Sept. 29, 2021), *cert. denied,* 142 S. Ct. 1166 (2022); *accord* **United States v. Rock**, 282 F.3d 548, 552 (8th Cir. 2002); **United States v. Rogers**, 150 F.3d 851, 857 (8th Cir. 1998); **United States v. Felici**, 54 F.3d 504, 506 (8th Cir. 1995); **United States v. Brown**, 33 F.3d 1002, 1005 (8th Cir. 1994); **United States v. Williams**, 923 F.2d 76, 78 (8th Cir. 1991) (per curiam). The Eighth Circuit has reversed a conviction for failure to sever from a felon-in-possession charge, but in that case, the felon-in-possession charge was ultimately dismissed by the court, and the Eighth Circuit held that the counts were (retroactively) misjoined (rather than finding severance appropriate under Rule 14). **United States v. Aldrich**, 169 F.3d 526, 528-29 (8th Cir. 1999); *see also* **Mink**, 9 F.4th at 605 (distinguishing *Aldrich* on this basis).

case" if the defendant were truly concerned about prejudice.[6] In addition, here, the Government is willing to further stipulate that Defendant is simply a "prohibited person" if Defendant does not dispute the knowledge element, further lessening the risk of any prejudice. The Eighth Circuit has also held that the use of limiting instructions—telling the jury they may only consider the prior felony on the possession count—minimizes the risk of prejudice.[7]

Finally, here, the jury could potentially hear evidence that Rhoden is a felon in connection with the kidnapping charge even if the counts are severed. The facts underlying the kidnapping charge include that Rhoden fired a pistol at the victim R.H. as she fled earlier that day. Because no firearm was recovered, to support the victim's testimony, the Government may seek to offer evidence that R.H. possessed a firearm in the recent past through an audio recording of R.H. yelling, "I'm a felon in possession of a firearm!" Although it could be argued that this evidence would be inadmissible prior-bad-acts evidence, the opportunity exception could apply[8]—the district court could find Rhoden's access to a firearm in the recent past shows that he had the opportunity to fire a weapon at R.H. on the day of the kidnapping.[9] In addition, it seems unlikely that the audio recording could be edited to remove the reference to Rhoden's status as a felon without affecting its probative value. And as discussed in the prior paragraph, simply

---

[6] *United States v. Kind*, 194 F.3d 900, 906 (8th Cir. 1999).

[7] *See Rogers*, 150 F.3d at 857; *see also United States v. Page*, 657 F.3d 126, 130-31 (2d Cir. 2011).

[8] *See* **Fed. R. Evid. 404(b)**.

[9] *See, e.g.*, *United States v. Suggs*, No. 19-CR-00629, 2022 WL 4073733, at *9 (E.D. Pa. Sept. 2, 2022) (holding that evidence of firearm possession within months before committing charged offense was relevant to show opportunity to possess firearm during charged offense); *United States v. Lauria*, 541 F. Supp. 3d 311, 316-17 (S.D.N.Y. 2021) (same; collecting cases).

stating that the defendant is a felon without any further details is not so prejudicial that the evidence would likely be excluded under Rule 403.

In sum, there are measures in place to lessen the risk of any prejudice to Rhoden from evidence of his status as a felon. Rhoden may additionally stipulate that he is a prohibited person and knew that he was a prohibited person to further lessen the chance of any prejudice—which Rhoden may well decide to do given the weight of the evidence against him on the knowledge element (an audio recording of him saying that he was a felon in possession of a firearm). I do not find severance appropriate.

### III. CONCLUSION

Defendant's motion to sever counts (Doc. 46) is **denied**.

**SO ORDERED** on January 25, 2023.

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa