# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BOBBY RHODEN,<br><br>    Defendant. | No. CR22-4073-LTS<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This matter is before me on a Report and Recommendation (R&R) in which the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, recommends that I deny defendant's motion (Doc. 47) to dismiss Count 1 of the indictment, which charges him with kidnapping in violation of the Federal Kidnapping Act, 18 U.S.C. § 1201(a)(1). *See* Doc. 55. Rhoden has filed objections (Doc. 61) and the Government has filed a resistance (Doc. 62).

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

Rhoden argues Count 1 should be dismissed because the Federal Kidnapping Act, as amended, is facially unconstitutional. Doc. 47-1 at 5. Rhoden is charged under 18 U.S.C. § 1201(a)(1) which makes it a crime for a person who:

> unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person . . . when . . . the offender . . . uses . . . any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.

Judge Mahoney observed that every court to address this issue has upheld the constitutionality of the Federal Kidnapping Act. Doc. 55 at 2 (citing cases). These courts

have relied on *United States v. Lopez*, 514 U.S. 549, 558 (1995), in which the Court identified one of the categories of activity that Congress may regulate under its commerce power as "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities." She recommends denying Rhoden's motion to dismiss Count 1.

Rhoden's argument is based on Justice Thomas' dissent in *Taylor v. United States*, 579 U.S. 301 (2016), in which he concluded that Congress may "punish robbery only to the extent that doing so is 'necessary and proper for carrying into Execution' Congress' power to regulate commerce." *Id*. at 312-13 (Thomas, J., dissenting). To be "necessary," the "robbery prohibition must have an obvious, simple, and direct relation with the regulation of interstate commerce," and to be "proper," "it cannot be prohibited by the Constitution or inconsistent with its letter and spirit." *Id.* Justice Thomas took the position that "if the Government cannot prove that a robbery in a State affected interstate commerce, then the robbery is not punishable under the Hobbs Act," and that "[s]weeping in robberies that do not affect interstate commerce comes too close to conferring on Congress a general police power over the Nation." *Id.* at 316. Rhoden argues that the same logic applies to wholly intrastate kidnappings and that the involvement of an automobile in the kidnapping, as alleged in the indictment, does not alter the intrastate nature of the kidnapping.

As Judge Mahoney observed in the R&R, however, "the opinions of one justice are not binding on this court" and every court to address this issue has upheld the constitutionality of the amended Federal Kidnapping Act as a valid exercise of Congress' power under the Commerce Clause. Doc. 55 at 2. Rhoden points out that neither the Supreme Court nor the Eighth Circuit Court of Appeals has addressed the specific issue he raises. Nonetheless, based on my de novo review, and for the reasons stated by Judge Mahoney, I conclude that the amended Federal Kidnapping Act is not facially unconstitutional as exceeding Congress' power under the Commerce Clause.

## IV. CONCLUSION

For the reasons set forth herein:

1. Rhoden's objections (Doc. 61) to the R&R (Doc. 55) are **overruled**;

2. I accept the R&R (Doc. 55) without modification, *see* 28 U.S.C. § 636(b)(1);

3. Pursuant to Judge Mahoney's recommendation, Rhoden's motion (Doc. 47) to dismiss Count 1 of the indictment is **denied**.

**IT IS SO ORDERED.**

**DATED** this 6th day of February, 2023.

_____
Leonard T. Strand, Chief Judge

4

Case 5:22-cr-04073-LTS-KEM   Document 63   Filed 02/06/23   Page 4 of 4