# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-4073-LTS-KEM |
| Plaintiff, | |
| | **REPORT & RECOMMENDATION** |
| vs. | |
| BOBBY RAY RHODEN, | |
| Defendant. | |

_____

The Second Superseding Indictment has been returned against Defendant Bobby Ray Rhoden. Doc. 94. The Second Superseding Indictment no longer includes Count 3 (Use, Carry Brandishing and Discharge of a Firearm During and in Relation to a Crime of Violence) that had been included in the Superseding Indictment (Doc. 70). At the arraignment hearing on the Second Superseding Indictment, the Government orally moved to dismiss Count 3 from the Superseding Indictment (Doc. 109), which Defendant does not oppose. Doc. 108. The Eighth Circuit Court of Appeals has held that "the superseding indictment and the original indictment can co-exist" and that "a superseding indictment does not in effect dismiss the original indictment."[1]

Accordingly, I respectfully recommend that the district judge **DISMISS** the Superseding Indictment, which includes Count 3 (Doc. 70).

Any objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59,

---

[1] *United States v. Walker*, 363 F.3d 711, 715 (8th Cir. 2004); *see also United States v. Yielding*, 657 F.3d 688, 703 (8th Cir. 2011) ("An original indictment remains pending prior to trial, even after the filing of a superseding indictment, unless the original indictment is formally dismissed."); *United States v. Hickey*, 580 F.3d 922, 930 (9th Cir. 2009) (collecting cases from the First, Third, Fifth, Seventh, and Tenth Circuits holding that the Government may proceed to trial on any pending indictment).

must be filed **within seven days** of the filing of this Report and Recommendation; any response to the objections must be filed **within three days** after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections. LCrR 59. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

   **SO ORDERED** on September 27, 2023.

                  Kelly K.E. Mahoney
                  Chief United States Magistrate Judge
                  Northern District of Iowa