IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BOBBY RAY RHODEN,<br><br>    Defendant. | No. CR22-4073-LTS<br><br>**ORDER** |

    This matter is before me on a Report and Recommendation (Doc. 110) in which the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, recommends that I grant the Government's oral motion (Doc. 109) to dismiss Count 3 of the superseding indictment. Neither party has filed objections.

    As noted by Judge Mahoney, the grand jury returned a second superseding indictment (Doc. 94) on September 14, 2023, which is nearly identical to the superseding indictment (Doc. 69), except that it does not charge Rhoden with Count 3.[1] At the arraignment on the second superseding indictment, the Government orally moved to dismiss Count 3 of the superseding indictment, which defendant does not oppose. Judge Mahoney noted that a "superseding indictment and original indictment can co-exist" and that "a superseding indictment does not in effect dismiss the original indictment." Doc. 110 at 1 (quoting *United States v. Walker*, 363 F.3d 711, 715 (8th Cir. 2004)). As such, she recommends granting the Government's motion by dismissing the entire superseding indictment, which includes Count 3.

---

[1] The second superseding indictment also alleges the possession of some additional ammunition not mentioned in the superseding indictment and corrects dates of defendant's prior convictions. *See* Doc. 94.

Because neither party has objected to the Report and Recommendation, I have reviewed it for clear error. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error."). I find no error – clear or otherwise – in Judge Mahoney's recommendation. I agree that dismissal of the entire superseding indictment is appropriate. That will have the effect of dismissing Count 3 alone in light of the fact that the other counts remain intact in the second superseding indictment.

As such, I **accept** the Report and Recommendation (Doc. 110) without modification. *See* 28 U.S.C. § 636(b)(1). Pursuant to the Report and Recommendation (Doc. 110), the Government's motion (Doc. 109) to dismiss Count 3 of the superseding indictment is **granted** and, as recommended by Judge Mahoney, the entire superseding indictment (Doc. 69) is hereby **dismissed**.

**IT IS SO ORDERED.**

**DATED** this 6th day of October, 2023.

_____
Leonard T. Strand, Chief Judge