# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BOBBY RAY RHODEN,<br><br>    Defendant. | Case No. 22-CR-4073-LTS-KEM<br><br>**REPORT AND RECOMMENDATION** |

The court previously denied a motion (filed by prior counsel) to dismiss count one of the indictment, which charges Defendant Bobby Ray Rhoden with kidnapping in violation of the Federal Kidnapping Act, 18 U.S.C. § 1201(a)(1). Docs. 55, 63. The court rejected Rhoden's argument that § 1201(a)(1) was "facially unconstitutional as exceeding Congress' power under the Commerce Clause." Doc. 63. The court held that § 1201(a)(1) did not violate the Commerce Clause by criminalizing wholly intrastate kidnappings that use instrumentalities of interstate commerce (such as automobiles). *See* Docs. 55, 63.

Now, Rhoden moves once again to dismiss the count charging him under § 1201(a)(1). Doc. 113. Rhoden argues that his argument is "distinct" from the prior motion. *See* Doc. 117 at 3 n.2. He argues that Congress did not intend to criminalize wholly intrastate crimes committed with an automobile and that absent explicit direction from Congress that an automobile is an "instrumentality of interstate commerce," "the use of a common automobile in an alleged intrastate kidnapping—standing alone—is insufficient to confer federal jurisdiction pursuant to Congress' Commerce Clause authority." Doc. 117. The Government filed a resistance (Doc. 121), and Rhoden filed a reply (Doc. 124). I recommend **denying** the motion (Doc. 113).

I agree with the Government that it is difficult to see the difference between Rhoden's current argument and the one this court already rejected. Rhoden begins by suggesting that the statute does not criminalize wholly intrastate kidnappings. He argues that § 1201(b), which creates a rebuttable presumption that a victim has been transported across state lines in certain circumstances, "suggest[s] that interstate transportation of a kidnapped victim is an essential element." Doc. 117 at 6. But § 1201(b) merely sets out one way in which the statute's jurisdictional "hook" may be met; it can also be satisfied "when . . . the offender . . . uses . . . any . . . instrumentality of interstate . . . commerce in committing or in furtherance of the commission of the offense."[1] Rhoden also points to the Eighth Circuit Model Jury Instructions, which lists as the fourth element that "the transportation was in [interstate or foreign] commerce."[2] As Rhoden recognizes, however, the notes on use for the Model Instructions state that "[i]f jurisdiction is based upon use of the mail or some other basis, then element four should be modified to reflect the specific situation."[3]

Ultimately, Rhoden admits that "18 U.S.C. § 1201(a)(1) applies to instrumentalities of interstate commerce." Doc. 117 at 7. He argues that an automobile, when used solely for an intrastate, noneconomic crime, is not an "instrumentality of interstate commerce." *Id.* He relies on two Supreme Court cases striking down federal laws as exceeding Congress's Commerce Clause power to regulate activities "that substantially affect[] interstate commerce."[4] He argues that the factors identified in those cases—the "noneconomic, criminal nature of the conduct at issue"; the lack of an express jurisdictional element in the statute; the legislative history's lack of "express

---

[1] **18 U.S.C. §1201(a)**.

[2] **Eighth Circuit Model Criminal Jury Instructions, 6.18.1201** (2023).

[3] *Id.,* **Notes on Use ¶ 6**.

[4] *United States v. Morrison*, 529 U.S. 598, 602, 613-619 (2000) (statute creating federal civil remedy for victims of gender-motivated violence); *United States v. Lopez*, 514 U.S. 549, 551, 559-68 (1995) (statute criminalizing firearm possession in school zones).

congressional findings regarding the effects upon interstate commerce"; and the attenuation between the regulated activity and its effect on commerce—support that § 1201 violates the Commerce Clause to the extent it makes an intrastate kidnapping a federal crime.[5] The court already rejected this argument in the prior motion to dismiss.[6] In any event, here, unlike in the cases relied upon by Rhoden, the statute *does* contain a jurisdictional element—the statute does not make *all* kidnappings a federal crime, but rather, those in which the offender travels in interstate commerce or uses an instrumentality of interstate commerce to commit the crime.[7] The importance of the jurisdictional element is illustrated by comparing the ban on firearm possession in school zones at issue in *Lopez* (one of the cases relied upon by Rhoden), with the felon-in-possession law, which requires only that the possessed firearm previously traveled at some time in interstate commerce and has repeatedly been upheld as a valid exercise of Congress's Commerce Clause Power.[8]

In its resistance, the Government notes a recent case, issued after this court previously ruled on this issue, in which a district court in the Tenth Circuit dismissed an indictment charging the defendant with kidnapping under § 1201 using "a means, facility,

---

[5] *See Morrison*, 529 U.S. at 611-12.

[6] *See* Doc. 55 at 2 n.3 (collecting cases); *see also United States v. Windham*, 53 F.4th 1006, 1013 (6th Cir. 2022) (holding that "intrastate use of a cell phone and automobile satisfies § 1201(a)(1)'s interstate commerce requirements" and the Commerce Clause, as cell phones and automobiles are instrumentalities of interstate commerce).

[7] **18 U.S.C. § 1201(a)(1)**.

[8] *See Scarborough v. United States*, 431 U.S. 563, 575 (1977) (holding that for federal statute criminalizing firearm possession by felons and containing jurisdictional element of "affecting commerce," government need only prove the "minimal nexus" required by the Commerce Clause "that the firearm ha[d] been, at some time, in interstate commerce"); *see also, e.g.*, *United States v. Shepherd*, 284 F.3d 965, 969 (8th Cir. 2002) (rejecting argument that *Morrison* called constitutionality of felon-in-possession law into question).

and instrumentality of interstate commerce" by using a motor vehicle.[9] The court held (relying on *Morrison* and *Lopez*) that federal courts lacked jurisdiction "under the Commerce Clause because of a use of a vehicle without explicit congressional intent to regulate non-economic criminal behavior and with no jurisdictional or case-by-case inquiry."[10] Like the Government, the court does not find *Chavarria* persuasive. First, *Chavarria* did not grapple with the Supreme Court's decision in *Scarborough*. Second, it found the argument related to § 1201(b) and the Model Jury Instructions (rejected above) to have "a modicum of persuasiveness."[11] And finally, *Chavarria* is an outlier among many other courts to address the same issue (including several circuit courts).

In his reply brief, Rhoden attempts to clarify his argument, stating he "does not challenge Congress' authority to regulate an instrumentality of interstate commerce generally," but rather, argues that the use of an automobile in an intrastate kidnapping, standing alone, cannot establish federal jurisdiction under the Commerce Clause. Doc. 124. Rhoden argues that the Sixth Circuit's decision in *Windham* is distinguishable, as in that case, the indictment charged the defendant with using a cell phone, in addition to a car, in furtherance of the intrastate kidnapping.[12] But the court in *Windham* held "[w]hen a car *or* a cell phone is used 'in committing or in furtherance of' a kidnapping for ransom, reward, or otherwise, the federal kidnapping statute applies."[13] Rhoden also argues that *Protho* is distinguishable, because in that case, the Seventh Circuit noted that even if it accepted defendant's argument "that courts must view automobiles individually . . . when deciding their instrumentality status," the defendant used his vehicle in

---

[9] ***United States v. Chavarria***, No. 22-CR-1724-KG, 2023 WL 3815203, at *1 (D.N.M. June 5, 2023), *appeal filed*, No. 23-2102 (10th Cir. July 6, 2023).

[10] *Id.* at *6.

[11] *Id.* at *8.

[12] 53 F.4th at 1009.

[13] *Id.* at 1013 (emphasis added).

4

interstate commerce by driving from his home in one state to the site of the kidnapping in another state (even though the defendant did not take the victim across state lines in his vehicle).[14] But the Seventh Circuit went on to specifically reject the defendant's "view that the Commerce Clause asks us to consider each automobile's specific use in interstate commerce," holding instead that "it's the nature of the regulated object's class (here, automobiles) rather than the particular use of one member of that class ([defendant's] Ford Explorer) that matters."[15] The court held the district court "properly instructed the jury" that "[t]he defendant used a means, facility, or instrumentality of interstate commerce if he used an automobile in committing or in furtherance of the commission of the offense."[16]

I do not find that § 1201 violates the Commerce Clause by criminalizing intrastate kidnappings committed with an "instrumentality of interstate commerce, namely, an automobile," as alleged in the indictment.[17] Accordingly, I recommend **DENYING** Rhoden's motion to dismiss (Doc. 113).

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections.[18] Objections must specify the parts of the Report and Recommendation

---

[14] 41 F.4th at 828.

[15] *Id.*

[16] *Id.* at 828-29.

[17] I further note that at this stage in the proceedings, the court has no information as to what evidence, if any, the Government may offer about the automobile's movements in interstate commerce (apart from the intrastate kidnapping itself).

[18] **LCrR 59**.

to which objections are made, as well as the parts of the record forming the basis for the objections.[19] Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[20]

**DATED** January 4, 2024.

_Kelly K.E. Mahoney_
Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

[19] *See* **Fed. R. Crim. P. 59**.

[20] *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).